UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-265-R

**RAHSAAN BRANDON DARDEN**                                                              **PLAINTIFF**

**v.**

**GOVERNMENT,** individually and on behalf of all                                       **DEFENDANT**
others similarly situated under these premises

### MEMORANDUM OPINION

Plaintiff, Rahsaan Brandon Darden, filed this *pro se* civil action against the "Government, individually and on behalf of all others similarly situated under these premises."

Plaintiff used a court-supplied complaint form for prisoners wishing to file suit under 42 U.S.C. § 1983 to initiate this lawsuit. Under the section of the form directing Plaintiff to describe his statement of claim, Plaintiff states:

> 1] pursuant to 691 F.2d 691[1] (Darden AIS number 153717) (Darden AIS number
>
> 2] Do you have a cases open the time has pass for the government to prosecute?
>
> 3] So I can do my own closing.
>
> (I thought you had your license. I need to get my licence in case I need to step in. There is a five day statute of limitations on a habeas corpus. (enclosed)[2] Motion for default judgment on enclosing a habeas corpus child support Darden a lot of questions.)

---

[1] This is cite for *United States v. Brainer*, 691 F.2d 691 (4th Cir. 1982), a Fourth Circuit case dealing with the Speedy Trial Act.

[2] The only thing attached to Plaintiff's complaint is a typed sheet referencing the Alabama Criminal Code, in which Plaintiff recounts some information regarding a police stop and arrest. Plaintiff is apparently being held on charges arising out of that arrest.

> 4] Did they rule on the habeas corpus or did they commute the senten.

In his prayer-for-relief section, Plaintiff states: "I am trying to let damages go to a jury."

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

In the instant case, the Court concludes that the complaint lacks an arguable or rational basis in law and fact and is, thus, frivolous and wholly devoid of merit, necessitating dismissal of the action for lack of subject matter jurisdiction.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*

4413.008